UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ITSERVE ALLIANCE, INC., et al.** | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 20-cv-00201 (APM) |
| **KENNETH T. CUCCINELLI, et al.** | ) ) ) | |
| Defendants. | ) ) ) | |

### ORDER

Plaintiffs in this action seek a preliminary injunction that prevents Defendant U.S. Citizenship and Immigration Services from charging a $4,000 "Border Admission Fee" in conjunction with H1B visa applications, which the agency began to accept on April 1, 2020. *See* Mem. in Support of Pls.' Mot. for Prelim. Inj., ECF No. 10-1 [hereinafter Def.'s Mem.]. Plaintiffs contend that their inability to recover the $4,000 fee per application qualifies as "irreparable harm" that justifies the "extraordinary remedy" they seek. *See id.* at 16–17. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) ("A preliminary injunction is an extraordinary remedy never awarded as of right.").

In seeking preliminary injunctive relief, Plaintiffs must establish the element of irreparable harm. *See Sampson v. Murray*, 415 U.S. 61, 88 (1974) (stating that "irreparable harm" has "always" been "[t]he basis of injunctive relief in the federal courts") (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959)); *see also Winter*, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."). Plaintiffs correctly identify the general rule in

this jurisdiction that economic loss cannot constitute irreparable harm except where such loss threatens the very existence of the movant's business or where it is irrecoverable. *See* Def.'s Mem. at 16 (citing *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985); *Safari Club Int'l v. Jewell*, 47 F. Supp. 3d 29, 36 (D.D.C. 2014)). Plaintiffs do not contend that the loss of $4,000 per application would threaten the very existence of their businesses. *See id.*, Ex. C, ECF No. 10-4 (various declarations from Plaintiffs asserting that payment of the $4,000 fee per application constitutes "a significant hardship"). Rather, they argue that the asserted financial harm is irrecoverable, because "the Agency has argued that this Court lacks jurisdiction to hear this case, rendering the fees unrecoverable[,] . . . . [which] triggers an exception to the general rule that economic harm is not irreparable." *Id.* at 16–17 (citing *Safari Club Int'l*, 47 F. Supp. at 36) (recognizing that economic loss can be irreparable "where the claimed economic loss is unrecoverable")). The court rejects this argument for two reasons.

First, it distorts Defendant's position on jurisdiction. True, Defendant argued in moving to dismiss Plaintiffs' original complaint that *this* court lacks jurisdiction, but it did not maintain that *any* federal court lacks jurisdiction. *See* Def.'s Mem. of Supporting P. & A., ECF No. 8-1, at 8–9. Instead, Defendant asserted that, because Plaintiffs seek more than $10,000 in monetary relief from the government, Plaintiff's action must be brought before the Court of Federal Claims under the Tucker Act. *See id.* For that reason, Defendant asked the court to transfer the case to the Court of Federal Claims, if it was not inclined to dismiss outright. *See id.* at 9–10. Because Defendant concedes that Plaintiffs can pursue monetary relief before the Court of Federal Claims, Plaintiffs' contention rings hollow that *this* court's lack of jurisdiction renders their harm irreparable.

Second, Plaintiffs' recitation of the applicable irreparable harm standard is incomplete. Plaintiffs are correct that economic injury can qualify as irreparable when the claimed loss is

2

irrecoverable, but they fail to acknowledge the "fact that economic losses may be unrecoverable does not, in and of itself, compel a finding of irreparable harm." *Safari Club Int'l*, 47 F. Supp. 3d at 36 (quoting *Mylan Pharm., Inc. v. Shalala*, 81 F. Supp. 2d 30, 42 (D.D.C. 2000)).  The injury must be "more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff." *Id.* (quoting *Mylan Pharm.*, 81 F. Supp. 2d at 42)).  Here, Plaintiffs have not established the "serious[ness]" of their claimed unrecoverable losses.  All they have done is baldly proclaim, in nearly identical declarations, that the $4,000 fee per application constitutes a "significant hardship."  *See* Pls.' Mem., Ex. C.  Such conclusory assertions are not nearly enough to meet the demanding irreparable harm standard.  *See Cal. Ass'n of Private Postsecondary Schs. v. DeVos*, 344 F. Supp. 3d 158, 171 (D.D.C. 2018) ("The [preliminary injunction] standard also requires more than conclusory assertions of potential loss.  To permit the Court to evaluate the nature and extent of the alleged irreparable injury, the movant bears the burden of presenting 'specific details regarding the extent to which [its] business will suffer.'") (quoting *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Res. Syst.*, 773 F. Supp. 2d 151, 181 (D.D.C. 2011)).

      Because Plaintiffs have failed to establish irreparable harm, their Motion for Preliminary Injunction, ECF No. 10, is denied.

Dated: April 17, 2020

Amit P. Mehta
United States District Court Judge